Henderson, Judge,
delivered the opinion of a majority of the Court.
Evidence is of two kinds; that, which if true, directly .proves the fact in issue, and that which proves another fact, from which the fact in issue may be inferred. The rules regarding competency, only apply to the first kind of competency, and relevancy to the second. The Court protects the Jury, both from incompetent and irrelevant evidence: the farther removed the fact to be inferred is, from the fact proven, the less is the probability, for, iu each inference, there may be an error; and the rules of evidence are framed more with a view to exclude falsehood, than to let in the truth. They are said in this particular, not to be unlike the rule of descent in excluding the half blood, which is subsidiary to the grand canon, that none shall succeed to the inheritance but one of the blood of the first purchaser: the subsidiary rule deprives many who are of the blood of the fir st purchaser of the inheritance ; but by a rigid adherence to it, none but one of the blood can succeed. That the fact to be inferred, often accompanies the fact proven, is not sufficient, it should. most usually accompany it; and I would say,'in the absence of all circumstances, that it should rarely otherwise happen. But the strong objection in this case is, that there must be two"infe-rences draw n, to wit; the wife saw and fed the slave, ergo, she knew he was diseased; that the wife knew it, ergo, the husband knew it, being *124 informed by her: an error in either inference, which might very well happen, would introduce a falsehood; which, as I have before said, is an object of more solicitude than ^jie exclusion of the truth. The Judge, I think, was right, in refusing tiie evidence. The rule for a new trial must be discharged.